### 29906. THE STATE v. McNEILL.

NICHOLS, Chief Justice.

Certiorari was granted to review the decision of the Court of Appeals in this case (*McNeill v. State,* 134 Ga. App. 45 (213 SE2d 119)). The defendant was tried and convicted on a three-count indictment charging violations of the Uniform Narcotic Drug Act, and the Court of Appeals reversed because the trial court failed to specifically charge that the state had the burden of proving beyond a reasonable doubt that the defendant

was not entrapped into violating the law.

The Court of Appeals in its opinion states: "The trial judge gave a full and complete instruction to the jury on the question of entrapment. He followed this portion of the charge with a general charge on the basic principles of reasonable doubt and as to the burden of proof being upon the state in a criminal prosecution."

In *Brown v. Matthews,* 79 Ga. 1 (4 SE 13), this court said: "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall." This is still sound law.

The trial judge charged fully on the presumption of innocence and the burden of proof being on the state to prove guilt beyond a reasonable doubt in the light of "all the evidence." This part of the charge covers over four pages of the transcript. There was a lengthy charge on entrapment followed by still another charge on the burden being on the state to prove guilt beyond a reasonable doubt. The jury was fully apprised of the state's burden of proof in this case and it was not error to fail to specifically charge the jury that the state had the burden of proving that the defendant was not entrapped.

Entrapment is an affirmative defense. See Code Ann. §§ 26-905, 26-907. No attack has been made as to the constitutionality of these Code sections. The burden as to an affirmative defense is on the defendant. See *Chandle v. State,* 230 Ga. 574 (3) (198 SE2d 289). Accordingly, it was not error for the trial court to fail to specifically instruct the jury that the state had the burden of proving beyond a reasonable doubt that the defendant had not been entrapped as defined in Code Ann. § 26-905, supra.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED JUNE 9, 1975 — DECIDED JULY 1, 1975.

*Richard E. Allen, District Attorney, Sam B. Sibley,*

*Assistant District Attorney,* for appellant.

*Nicholson, Fleming & Blanchard, John Fleming, B. H. Barton,* for appellee.