## 30094. WARD v. THE STATE.

INGRAM, Justice.

Appellant was convicted after a jury trial in DeKalb Superior Court of the murders of Edward Surgalski and Sharynn Denise and sentenced to life imprisonment on both counts. The conviction must be reversed because of an erroneous charge on alibi.

The victims were employed at Vulcan Waterproofing Company in DeKalb County. They were both brutally murdered with a sharp instrument, either a sword or similar weapon, and their bodies discovered about 1:00 p.m. by a fellow employee. Police found, in nearby woods, a large knife, other items, and a towel from the Hampton Hotel. A black male of the same physical appearance as appellant was seen around the building where the murders occurred at approximately 12:30 p.m. Other employees told the police that appellant had been recently fired from the company, that he had threatened Surgalski, and that he lived at the Hampton Hotel in Atlanta, Fulton County.

Police officers obtained a search warrant for appellant's room at the Hampton Hotel and there discovered two ceremonial swords. These were introduced at trial. Appellant's motion to suppress this evidence was denied by the trial judge. All three swords were stolen from a home where a crew from Vulcan had worked. Appellant admitted stealing the swords but claims to have left one sword and several towels at work when he left his employment with the company.

Appellant took the stand as a witness in his own behalf and denied any knowledge of the murders. He claimed to have been shopping in downtown Atlanta when they occurred. Testimony of witnesses from a retail store and a nearby store where suits are altered tended to corroborate defendant's alibi but these witnesses were uncertain as to time of day and dates. There was, however, sufficient evidence to sustain the jury's verdict of guilty.

After retiring for deliberation, the jury came out and requested that the court's charge be reread to them and that the alibi testimony of the store employees also be reread. The jury then resumed deliberations and found the appellant guilty of both counts of murder.

The alibi charge given to the jury by the judge and read again to them at their request was substantially the same charge found to be constitutionally impermissible by this court in *Patterson v. State*, 233 Ga. 724 (213 SE2d 612), decided after the trial of this case. The charge shifted to the defendant the burden of proving alibi to the "reasonable satisfaction of the jury" and was thus violative of due process. See also *Parham v. State*, 120 Ga. App. 723 (171 SE2d 911). In view of the obvious concern of the jury about the alibi defense it cannot be said that the giving of this charge was harmless error beyond a reasonable doubt under Chapman v. California, 386 U. S. 18 (1967). The conviction must therefore be reversed and a new trial will be ordered on both counts.

One other issue enumerated as error will probably re-emerge on the retrial of the case. The trial court refused to suppress evidence found during a search conducted with a warrant. Appellant contends that the affidavit supporting the warrant contains hearsay and does not contain sufficient facts to establish probable cause. These contentions are without merit.

The law sanctions a difference between the methods permitted to prove the ultimate issue of guilt and that of probable cause for search or arrest. Brinegar v. United States, 338 U. S. 160 (1949). Hearsay can be the basis for issuance of a warrant "so long as there [is] a substantial basis for crediting the hearsay." Jones v. United States, 362 U. S. 257, 272. See also United States v. Ventresca, 380 U. S. 102 (1964).

The police applied for a search warrant on the same day as the murders before a Fulton County Superior Court judge. The judge had before him both the affidavit and the testimony of the officers about the investigation that had gone on and about the sources of their information. A judge may consider the totality of the information before him to determine if probable cause exists. *Simmons v. State,* 233 Ga. 429 (211 SE2d 725) (1975); *Johnston v. State,* 227 Ga. 387 (181 SE2d 42) (1971); *Campbell v. State,* 226 Ga. 883 (178 SE2d 257) (1970); *Butler v. State,* 130 Ga. App. 469 (203 SE2d 558) (1973).

In reaching a judgment on probable cause, a judge must use a common sense approach because he is dealing

with a probability and not a certainty that a crime has been committed. See, *Strauss v. Stynchcombe,* 224 Ga. 859, 864 (165 SE2d 302). When this standard is applied to the facts considered by the judge who issued the present search warrant, it is clear there was probable cause for issuance of the warrant. Thus, we find no merit in this enumeration of error but reverse the judgment of the trial court and order a new trial in view of the erroneous alibi charge to the jury.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who dissents.*

ARGUED JULY 9, 1975 — DECIDED SEPTEMBER 2, 1975.

*William M. Warner,* for appellant.

*Richard Bell, District Attorney, M. Randall Peek, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.