## 30199. LORD v. THE STATE.

NICHOLS, Chief Justice.

John Hardy Lord was indicted for the offense of "Violation Georgia Controlled Substances Act for that said accused, in the County of Fulton and State of Georgia, on the 1st day of October, 1974 not being authorized under any provision of the Georgia Controlled Substances Act to do so, did unlawfully possess and have under his control more than one ounce of Marijuana; contrary to the laws of said State, the good order, peace and dignity thereof." A demurrer to such indictment was overruled in which it was alleged that the Act under which the defendant was indicted was unconstitutional, as were special demurrers which contended, among other things, that the indictment did not adequately inform the defendant of the nature and cause of the accusation against him. On the trial of the case the defendant was found guilty and sentenced to six years imprisonment. A motion for new trial was overruled and the present appeal filed.

1. The first enumeration of error complains of an excerpt of the court's charge dealing with entrapment. The excerpt of the charge complained of was taken from the decision of the Court of Appeals in *Reed v. State,* 130 Ga. App. 659, 661 (204 SE2d 335) (1974) which held: "The defendant who interposes an entrapment defense may not

controvert the allegations of the indictment. [cits.] In order to raise the question of his predisposition to commit the crime, therefore, the defendant does not take issue with the state's assertion that he did commit the alleged act[s]." It is contended that such charge was error because in the present case, the defendant did not testify, wherein in *Reed,* and other cases the defendant did testify on the trial. Such contention is without merit. A defense may be raised through testimony presented by the defendant whether or not he himself takes the stand. In the present case the defense of entrapment was relied upon and it is immaterial that such testimony was adduced from witnesses presented by the defendant and not by his own testimony. See also *State v. McNeill,* 234 Ga. 696 (217 SE2d 281) (1975).

2. The second enumeration of error complains that the trial court erred in failing to charge that the burden of proof on the question of entrapment was on the state. The jury was properly instructed on the burden of proof generally, and it was not error to fail to charge that the burden was on the state on the question of entrapment. See *State v. McNeill,* supra.

3. The third enumeration of error complains that the trial court erred in overruling the defendant's special demurrer to the indictment. The material parts of the indictment in the present case charge and accuse John Hardy Lord with the offense of "Violation Georgia Controlled Substances Act for that said accused . . . not being authorized under any provision of the Georgia Controlled Substances Act to do so, did unlawfully possess and have under his control more than one ounce of Marijuana; contrary to the laws of said State . . ." This indictment which followed substantially the language of Code § 79A-811 (j) was sufficient to withstand the defendant's special demurrer. Cases relied upon by the defendant relate to crimes where the statute prohibits certain conduct in generic terms without any specificity and have no relation to the present case. The language in the indictment charged the defendant with the possession of marijuana on October 1, 1974. It could not have been more specific. This enumeration of error is without merit.

4. The fourth enumeration of error complains that

the trial court did not instruct the jury fully on the law of intent. Where, as in the present case, the jury was instructed "intent is an essential ingredient of the offense charged against this defendant in the above statute," this enumeration of error is without merit.

5. The fifth enumeration of error complains that the trial court erred in refusing to charge the provisions of the Act of 1970 (Ga. L. 1970, pp. 447, 448; Code Ann. § 27-101.2) relating to rewards in accordance with a timely written request. In support of such contention, the defendant relies upon the decision of the Court of Appeals in *Wells v. State,* 126 Ga. App. 130, 133 (190 SE2d 106) (1972). This statute deals with rewards payable to persons other than law enforcement officers who furnish information leading to the arrest and conviction of a person who is charged with *selling* dangerous drugs.

Pretermitting the question of whether marijuana would fall within any definition of "dangerous drugs" as set forth in such statute, yet where as here the defendant was charged merely with possessing and not with selling marijuana, it was not error to refuse to give this requested charge.

6. The sixth enumeration of error complains that the trial court failed to charge the jury in accordance with appellant's request to charge no. 8. This request to charge sought to have the jury informed as to the penalty that two of the state's informers could have received had they not cooperated with the state and furnished information concerning the defendant's alleged violation with respect to possession of marijuana. The requested charge without any explanation would be incomplete and for such reason, if no other, the refusal of the trial court to so instruct the jury shows no reversible error.

7. The seventh enumeration of error contends that the Act of 1974 (Ga. L. 1974, pp. 221, 243; Code Ann. § 79A-811 (j)) is unconstitutional because: "The statute is the Georgia Controlled Substances Act and said statute defines a controlled substance as any of five schedules of substances (79A-802 (d)), which schedules do not include marijuana. Said statute contains multiple subject matters. The statute thus violates the Georgia Constitution, Art. III, Sec. VII, Par. VIII (Ga. Code §

2-1908) in that it contains more than one subject matter and as to marijuana contains matter different from what is expressed in the title thereof."

The defendant thus attacks the provisions prohibiting the possession, etc., of marijuana in such Act on two grounds, to wit: (1) The Act contains matter different from what is expressed in the title thereof; and (2) The Act refers to more than one subject matter.

"In determining whether this Act refers to more than one subject matter, and therefore violates the above-mentioned provision of the Constitution, we must determine the meaning of the word 'subject matter' as used in the Constitution. It is not synonymous with the word 'provision.' As used in the Constitution, it is to be given a broad and extended meaning so as to allow the legislature authority to include in one Act all matter having a logical or natural connection. To constitute plurality of subject matter, an Act must embrace two or more dissimilar and discordant subjects that by no fair intendment can be considered as having any logical connection with or relation to each other. All that our Constitution requires is that the Act embrace only one general subject; and by this is meant, merely, that all matters treated by the Act should be so connected with or related to each other, either logically or in popular understanding, as to be parts of, or germane to, one subject. This provision of our Constitution was intended to stop the vicious practice of joining in one Act incongruous and unrelated matters; but any construction of it which would interfere with the very commendable policy or practice of incorporating the entire body of statutory law upon one general subject in a single Act, instead of dividing it into a number of separate Acts, would not only be contrary to its spirit, but also seriously embarrassing to honest legislation." *Crews v. Cook,* 220 Ga. 479, 481 (139 SE2d 490) (1964).

The Act in question is entitled "An Act to completely supersede and repeal Chapter 79A-8, known as the Uniform Narcotic Drug Act and Chapter 79A-9, known as the Drug Abuse Control Act of Code Title 79A, relating to pharmacists, pharmacy, drugs and narcotics . . ." A comparison of this Act with the Act dealt with in *Crumley*

*v. Head,* 225 Ga. 246 (2) (167 SE2d 651) (1969) requires a finding that this Act is not unconstitutional as violating the provisions of Art. III, Sec. VII, Par. VIII of the Constitution of 1945 (Code Ann. § 2-1908), which prohibits the inclusion of more than one subject matter in any Act of the General Assembly. The Act under attack does not violate the provision of the Constitution which prohibits the inclusion in one Act of more than one subject matter.

The remaining constitutional attack upon this Act contends that the Act contains matter different from what is expressed in the title thereof. In *South Ga. Natural Gas Co. v. Ga. Public Service Commn.,* 214 Ga. 174 (1) (104 SE2d 97) (1958), it was held that where a party attacks a statute as being unconstitutional "he must show that the alleged unconstitutional feature of the statute injures him, and so operates as to deprive him of rights protected by the Constitution of the United States, or by both." See also *Crumley v. Head,* supra. Accordingly, inasmuch as the appellant was convicted of the offense of possession of marijuana, the attack upon the statute that it contains matter different from that expressed in the title is of necessity limited to this subject area. The title provides in part: ". . . to provide for the possession or sale of marijuana and penalties thereto; . . ." The body of the Act (Code § 79A-811(j)) covers this same subject area and is entitled "Possession or Sale of Marijuana." Therefore, as to marijuana, the Act does not contain subject matter different from what is expressed in the title. This enumeration of error is without merit.

8. The eighth enumeration of error complains that the trial court erred in refusing to instruct the jury in accordance with appellant's request to charge no. 5. This request to charge was as follows: "When two persons are jointly indicted for the same offense, the conviction of one creates no presumption of guilt as to the other." The appellant relies upon the decision of this court in *Mixon v. State,* 123 Ga. 581 (7) (51 SE 580) (1905) to support the contention that the refusal to give this request to charge was reversible error. In that case the state introduced evidence that a co-indictee had previously been convicted. In the present case the defendant introduced into

evidence indictments which showed that two other persons, originally indicted with the defendant, had pleaded guilty. The indictment under which the defendant was tried showed no co-indictees, and the indictments introduced into evidence by the defendant showed pleas of guilty, not convictions by a court or jury. "A requested charge should be given only where it embraces a correct and complete principle of law which has not been included in the general instructions given and where the request is pertinent and adjusted to the facts of the case." *Gates v. Southern R. Co.,* 118 Ga. App. 201, 204 (162 SE2d 893) (1968). See also *Moore v. Green,* 129 Ga. App. 268, 269 (199 SE2d 317) (1973); *DeKalb County v. McFarland,* 231 Ga. 649, 655 (203 SE2d 495) (1974). Where, as in this case, the request to charge was not adjusted to the evidence, it was not error for the trial court to refuse to give such charge to the jury.

9. The ninth enumeration of error complains that the trial court erred in refusing to admit testimony by a court reporter who transcribed the testimony at a preliminary hearing when the defendant was present as to an alleged contradictory statement made by a witness for the state in an effort to impeach such witness. The contradictory testimony related to whether or not the witness, a detective, removed a brown paper bag from the defendant's shirt pocket which allegedly contained marijuana or whether the brown paper bag fell from the defendant's pocket while being searched at the time of the arrest. Pretermitting the question of whether the procedure followed by the defendant's counsel in attempting to introduce the "prior contradictory statement" was proper yet inasmuch as the alleged conflict in the witness' testimony was not a material conflict, any error in refusing to admit the introduction of the prior transcript was harmless.

10. The tenth enumeration of error, which contends that the indictment setting forth the offense in the language of the statute, is insufficient to sustain a judgment thereon because it was not alleged in the indictment that the defendant intended to violate such law, is without merit.

11. A review of the evidence adduced on the trial of

this case amply supports the verdict of guilty, and the eleventh and final enumeration of error which contends that the evidence did not authorize the verdict is without merit.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents from Divison 9 of the opinion and from the judgment.*

ARGUED SEPTEMBER 8, 1975 — DECIDED SEPTEMBER 30, 1975 — REHEARING DENIED OCTOBER 16, 1975.

*A. Glen Steedley, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.