## 51131. COWART v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted and tried for statutory rape. The jury found him guilty of criminal attempt to commit statutory rape. The trial judge sentenced defendant to ten years, the first six to be served in confinement, and the following four on probation. He appeals the judgment of conviction. *Held:*

1. The trial judge gave the following charge to the jury:

"Now, ladies and gentlemen, in the event that you should find the Defendant not guilty of the crime of statutory rape charged in the face of the indictment or should have a reasonable doubt as to his guilt of that offense you would then give consideration to the question of whether *he had been proved guilty beyond a reasonable doubt of the offense of criminal attempt to commit statutory rape* which is a lesser crime which is included in the offense of statutory rape charged on the face of the indictment. Now, our law provides that a person commits criminal attempt to commit an offense when with the intent to commit a specific crime he performs any act which .constitutes a substantial step toward the commission of the crime. Now, unlike the crime of statutory rape, the defendant may be convicted of the offense of criminal attempt to commit statutory rape on the uncorroborated testimony of the female victim alone. No corroboration of her testimony being required for the lesser included offense.

"Now, when a person's conduct would other-wise constitute an attempt to commit a crime it is an affirmative defense that he abandoned his effort to commit such a crime or in any other manner prevented its commission under circumstances manifesting a voluntary and complete renunciation of his unlawful purpose. *Now, abandonment of a criminal attempt to commit a crime as a defense must be made to appear from the evidence not beyond a reasonable doubt but to the lesser degree of proof, that is, by the preponderance of the evidence and if this defense is shown by the preponderance of the evidence in this case it would be the duty of the jury*

*to find the defendant not guilty of criminal attempt to commit statutory rape.*

"Now, by the preponderance of the evidence, ladies and gentlemen, is meant the superior weight of evidence on the issue involved which while not enough to wholly free the mind from a reasonable doubt it is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other." (Emphasis supplied.)

Appellant argues that the above charge had the effect of shifting the burden of proof to the defendant in violation of due process. Specifically, he contends that the burden should have been placed upon the state to prove that appellant *did not* abandon his effort to commit the crime.

Abandonment is an affirmative defense. See Code § 26-1003. The burden as to an affirmative defense is on the defendant. See *Chandle v. State,* 230 Ga. 574, 576 (3) (198 SE2d 289); *State v. McNeill,* 234 Ga. 696 (217 SE2d 281). "An affirmative defense is one that admits the doing of the act charged but seeks to justify, excuse or mitigate it." *Chandle v. State,* supra. In the present case, the defendant admitted an attempt to commit statutory rape, but defended by contending that he "abandoned" his effort to commit the crime "under circumstances manifesting a voluntary and complete renunciation of his criminal purpose." See Code § 26-1003. Thus, appellant invoked the affirmative defense of abandonment, and the burden as to this affirmative defense was properly placed on him in the trial court's charge to the jury.

Appellant argues that the following cases require a contrary result: *Patterson v. State,* 233 Ga. 724 (213 SE2d 612); Mullaney v. Wilbur, — U. S. — (95 SC 1881, 44 LE2d 508); *Chambers v. State,* 127 Ga. App. 196 (192 SE2d 916). None of these cases controls the issue presented in the present case.

The court in *Patterson v. State,* supra, held that it was error to place the burden on the defendant to prove the defense of alibi. The burden was on the state to prove that the defendant was present at the scene of the crime because presence at the scene was an *essential element of the crime charged in the indictment.* The burden could not be placed upon the defendant to prove the absence

of an essential element of the crime charged. In the present case, the defendant had admitted all elements of the crime charged. Absence of abandonment was not an essential element of the offense charged, and the state did not have the burden of proving that defendant *did not* abandon his effort to commit criminal attempt.

The same reasoning distinguishes the immediate case from the Supreme Court decision in Mullaney v. Wilbur, supra. The court in Mullaney held that a state's rule requiring the defendant to prove by a preponderance of the evidence that he acted in the heat of passion on sudden provocation to reduce murder to manslaughter was violative of due process. The Maine homicide law can be succinctly stated as follows: *absent justification or excuse,* all intentional or criminally reckless killings are felonious homicides (murder). Absence of justification or excuse was an element of the offense charged. The state was required to prove all elements of the offense charged, including the absence of justification or excuse. The charge in Mullaney required the defendant to prove justification and thus shifted the burden regarding an element of the offense charged to the defendant; this was violative of due process. As stated above, absence of abandonment is not an essential element of the offense of criminal attempt; placing the burden upon the defendant to prove abandonment does not violate due process.

Finally, appellant argues that abandonment and self-defense are similar defenses; and that the case of *Chambers v. State,* 127 Ga. App. 196, supra, held that the defendant could not be required to carry the burden of proving self-defense. We disagree with this interpretation of the holding in the *Chambers* case. The court held that the trial court's charge could have been construed by the jury as meaning that they could not acquit the defendant unless they were satisfied of his *innocence* by a preponderance of testimony. The court stated that the state carried the burden of proving *all necessary elements* of the offense charged. The charge in the present case was not confusing and could not be interpreted by the jury as requiring defendant to prove his *innocence* by a preponderance of testimony. The charge clearly placed

the burden on the state to prove all elements of the offense charged; it placed the burden on defendant only as to the affirmative defense which he elected to raise as an issue in the case.

The defense of abandonment is closely analogous to the defense of entrapment. Both are specifically defined as affirmative defenses in their respective statutes. See Code §§ 26-1003, 26-905, 26-906. A defendant relying on either defense must admit all elements of the criminal act, but affirmatively pleads legal justification. There is no material distinction between these two defenses. The Georgia Supreme Court has recently held that the burden of proof as to the defense of entrapment is on the defendant. *State v. McNeill,* 234 Ga. 696, supra.

The trial judge properly charged the jury regarding the defense of abandonment and burden of proof.

2. Appellant urges error in the court's sentencing him to the harsher penalty provided in Code § 26-1006, rather than to the lesser penalty required by Code § 27-2507. The latter Code section sets forth punishment "where no punishment is otherwise provided for the punishment of such attempt . . ." Code § 26-1006 provides punishment for the offense of criminal attempt. Accordingly, the trial court properly punished appellant pursuant to the provisions of Code § 26-1006 rather than Code § 27-2507.

3. The trial judge did not charge subdivisions (a) and (b) of Code § 26-1003. These provisions provide circumstances where abandonment is not voluntary and complete and thus not a defense to the offense of criminal attempt. Appellant urges error in the court's failure to charge these two exceptions to conduct which would otherwise constitute a defense to criminal attempt. If error, it was certainly harmless.

4. The verdict was neither arbitrary nor contrary to the weight of the evidence. The evidence was sufficient to support a conviction of attempt to commit statutory rape.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued September 4, 1975 — Decided October 23, 1975 — Rehearing denied November 13, 1975 — 

*John W. Timmons, Jack F. Affleck,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Robert N. Elkins,* for appellee.