## 51205. GIBBONS v. THE STATE.

Webb, Judge.

David Gibbons was tried and convicted of attempt to commit theft and possession of a firearm during the commission of a crime, and he appeals.

1. Defendant complains that Officer Steed, whose name did not appear upon the witness list, was allowed to testify for the state in violation of Code § 27-1403. Although the relevancy of the testimony escapes us,

defendant testified on direct examination that he was never given the opportunity to explain his conduct to the police. The implication was that the refusal of the police to allow him to make a statement to them constituted unfair treatment. The state, in an effort to counteract this unfavorable impression, called Officer Steed in rebuttal to testify that defendant had not attempted to make a statement.

We find no reversible error in these circumstances. "The purpose of Code Ann. § 27-1403 requiring that the defendant be furnished on demand with a list of witnesses to be used against him is to protect him from being surprised by evidence which he then has no chance to refute." *Upton v. State,* 128 Ga. App. 547 (3) (197 SE2d 478). Failure to list a witness may constitute harmless error (*Kitchens v. State,* 134 Ga. App. 81, 82 (2) (213 SE2d 180)); and since defendant himself injected the subject matter of the testimony during direct examination, and Officer Steed was called merely to rebut this unanticipated testimony, we fail to find a harmful contravention of the statute. "Where the state had no prior knowledge that the testimony of a witness would be needed for rebuttal at the time such list was furnished constitutes an exception under Code Ann. § 27-1403." *Dagenhart v. State,* 234 Ga. 809 (3). See also *Caito v. State,* 130 Ga. App. 831, 836 (7) (204 SE2d 765); *Elrod v. State,* 128 Ga. App. 250, 251 (2) (196 SE2d 360).

2. No objection was made to the testimony complained of in enumeration of error 2, and no reversible error appears. *Roberts v. State,* 231 Ga. 395 (1) (202 SE2d 43). "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221).

3. The court charged the jury that defendant must prove, by a preponderance of the evidence, the defense of abandonment of an attempt to commit a crime. Since there was no evidence to support a charge of abandonment, and the charge gave defendant the benefit of a defense to which he was not entitled, no reversible error appears. *Fields v. State,* 211 Ga. 335, 338 (4) (85 SE2d 753). Moreover, abandonment is an affirmative

defense (Criminal Code § 26-1003) and the charge was correct. "The burden as to an affirmative defense is on the defendant," *State v. McNeill,* 234 Ga. 696, 697 (217 SE2d 281),[1] and preponderance of the evidence is the correct quantum of proof. *Chandle v. State,* 230 Ga. 574, 576 (3) (198 SE2d 289); *Clark v. State,* 224 Ga. 311 (1) (161 SE2d 836).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED OCTOBER 6, 1975 — DECIDED OCTOBER 23, 1975 — REHEARING DENIED NOVEMBER 18, 1975 — 

*John W. Timmons, Jr., Jack H. Affleck, Robert D. Peckham,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

---

[1] *McNeill* effectively overrules our decision to the contrary in *Reed v. State,* 130 Ga. App. 659 (204 SE2d 335).