## 51222. MOORE v. THE STATE.

Bell, Chief Judge.

1. The evidence was sufficient to authorize the conviction.

2. However, the judgment must be reversed because the trial judge erred by instructing the jury that the defendant had the burden of proving the affirmative defense of coercion by a preponderance of the evidence.

We, the judges of both appellate courts, have thoroughly confused the law on whether a defendant in a criminal case has any burden of proof or of persuasion. The writer is equally at fault — having concurred in *Gibbons v. State,* 136 Ga. App. 609 (222 SE2d 55).

Under constitutional concepts, the answer has to be that a defendant has no burden whatsoever either of proof or of persuasion. Our fuzzy decisions have arisen because of our inability to instantly grasp the true character of those affirmative defenses authorized by Code Ann. Ch. 26-9 and Code Ann. § 26-1003. We erred in *Chandle v. State,* 230 Ga. 574 (3) (198 SE2d 289); *State v. McNeill,* 234 Ga. 696 (217 SE2d 281); *Gibbons v. State,* 136 Ga. App. 609, supra; *Cowart v. State,* 136 Ga. App. 528 (221 SE2d 649). But we are gradually getting things corrected. The case law as it is now is as follows: The so-called affirmative defenses do not change anything nor do they create any burden whatsoever. All they imply is that if a defendant presents one it is to his advantage and to his interest to affirmatively show it as best he can but he has no *burden* to show it nor does he have a *burden* of persuasion. If he raises the defense ineptly, a trial judge cannot instruct a jury that it may draw any inference from the ineptness. Our awkward use of phrases such as "burden of persuasion" and "going forward with the evidence" and others have caused confusion where there should be none.

While the Supreme Court has held that the defendant has the burden of persuasion when he raises an affirmative defense to crime (*Chandle v. State,* 230 Ga. 574(3), supra; *State v. McNeill,* 234 Ga. 696, supra), more recent Georgia Supreme Court decisions have impliedly overruled *Chandle* and other older cases. *Grace v. Hopper,* 234 Ga. 669 (217 SE2d 267); *Henderson v. State,* 234 Ga.

827, 832 (3) (218 SE2d 612). These later cases have been decided since the United States Supreme Court holdings in Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508). Mullaney dealt with Maine decisional law that required a defendant to establish by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter. The holding in Mullaney was "that the due process clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." 44 LE2d 522. In *Henderson v. State,* 234 Ga. 827, 832 (3), supra, the Supreme Court, citing Mullaney, held that the trial court erroneously shifted the burden of proof on a defendant in a murder case when the court instructed the jury that the defendant must prove self-defense beyond a reasonable doubt. In *Grace v. Hopper,* 234 Ga. 669, 671, supra, again citing Mullaney and U. S. Supreme Court cases, it was stated: "These United States Supreme Court cases persuade us that in order to comport with due process the prosecution must carry the burden of proving all critical essential elements of the crime charged against a defendant." This clearly means that where a defendant raises an affirmative defense and offers evidence in support of it (which he must do in order to "raise" it), the burden is on the state to disprove it beyond a reasonable doubt.

Here, the defendant was convicted of robbery in violation of Code § 26-1901. At his trial, he raised by his evidence the affirmative defense of coercion. In so doing, he effectively denied, when he claimed that he was coerced, that he had any intention to commit the crime and particularly any specific intent to commit theft, a critical essential element of the offense of robbery. The only responsibility that defendant had was to come forth with evidence of this defense. This he did. This responsibility of producing evidence of an affirmative defense is set forth in our Criminal Code. See Code § 26-401 (a). The responsibility of producing evidence of an affirmative defense and the burden of persuasion by proof beyond a reasonable doubt are two distinct and separate concepts. The first is placed squarely on the defendant

unless the state's evidence raised the issue. Code § 26-401 (a). The other, the ultimate burden of persuasion by proof beyond a reasonable doubt of all critical essential elements of the crime, remains with the state throughout the trial and it never shifts. *Burns v. State,* 135 Ga. App. 842 (3) (219 SE2d 487.).

While the defense of alibi is not a so-called affirmative defense, both *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) and *Ward v. State,* 234 Ga. 882 (218 SE2d 591), have clearly and unmistakably held that charging the jury that a defendant had the burden of persuasion when he raises the defense of alibi is not constitutionally permissible. Actually, there cannot be and there is no distinction on that point between the defense of alibi and the affirmative defenses under Code Ch. 26-9.

*Judgment reversed. Quillian, Clark, Stolz and Marshall, JJ., concur. Evans, J., concurs specially. Pannell, P. J., Deen, P. J., and Webb, J., dissent.*

SUBMITTED SEPTEMBER 29, 1975 — DECIDED JANUARY 27, 1976 — REHEARING DENIED FEBRUARY 19, 1976 —

*John W. Timmons, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

EVANS, Judge, concurring specially.

Here the burden of proof was placed on the defendant in a case where he pleads coercion, an affirmative defense. It is quite true that the Supreme Court of Georgia has held that in affirmative defenses by a defendant in a criminal case, the burden is on defendant, except as to his plea of alibi. (Why there would be any difference between alibi and other affirmative defenses, I have not the slightest idea.)

The Supreme Court of Georgia in *Chandle v. State,* 230 Ga. 574 (3) (198 SE2d 289), where the affirmative defense was that of accident, held that the burden was on the defendant. Still later the Supreme Court of Georgia in the case of *State v. McNeill,* 234 Ga. 696 (217 SE2d 281), where the affirmative defense was that of entrapment,

held that the burden was on the defendant. Certain cases by the Court of Appeals were overruled by the two decisions cited above.

But the decisions of the Supreme Court of the United States take precedence over the decision of our Supreme Court of Georgia (see *Feldschneider v. State,* 127 Ga. App. 745, 748 (195 SE2d 184)) and all courts in Georgia are bound to follow the decisions of the United States Supreme Court, which court held in the recent case of Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975), that it is error to place the burden on the defendant as to any defense that he may plead in a criminal case. While the Mullaney case, supra, is the most recent case that comes to our notice, it cites other cases by the United States Supreme Court to the same effect.

Being bound by the United States Supreme Court decisions, I therefore vote to reverse, and hold there was no burden on the defendant in this case to prove his affirmative defense of coercion.

DEEN, Presiding Judge, dissenting.

It is indeed true, as the majority opinion suggests, that the rules regarding burden of proof are highly confusing. I am of the opinion that at this point in the case law we are bound by *Chandle v. State,* 230 Ga. 574 (3) (198 SE2d 289), *State v. McNeill,* 234 Ga. 696 (217 SE2d 281), and similar Supreme Court cases. (Also note *Lord v. State,* 235 Ga. 342 (219 SE2d 425), and *Gibbons v. State,* 136 Ga. App. 609). However, that there *are* such things as "affirmative defenses" is demonstrated by Code § 26-907. One rational distinction between all of these defenses and defenses like alibi, which is also, in one sense, affirmative, is that in the chapter nine defenses (as also in insanity) the defendant does not really contest that he did the things which the state denominates a crime, and, this being true, he is forced to go on in some manner to explain *why* the acts he did are not culpable. Thus, in a way, these defenses have something in common with an insanity defense in that although the defendant did the act there is a legal reason why he should not be punished for it. Alibi, on the other hand, while also an affirmative defense, is not a defense where the defendant can adopt the fact situation

urged by the state, and continue by showing further facts which either justify or render him not responsible for the effects of the act. Alibi merely shows the impossibility of his having committed the act at all.

So construed, the decision of Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508), does not require reversal, as is adequately explained in the special concurrence in that case, which points out that there was no burden on the state to establish, for instance, that the defendant was *not* insane, but there was a burden on the state to establish beyond a reasonable doubt all ingredients affecting culpability for the murder for which the defendant was on trial including malice. (The due process issue in that case involved the question of who had the burden of showing malice vel non in a murder prosecution.)

Therefore, since I am still of the opinion that this court cannot overrule the Supreme Court, and that *Chandle v. State,* supra, dealing with accident and *State v. McNeill,* supra, dealing with entrapment, both of which, and also coercion, are chapter 26-9 defenses, still control. I respectfully dissent. The result of this must be to hold that, after the defendant admits the acts charged by the state which constitute the crime, he has a burden to go forward with evidence to show lack of culpability. I conclude from these latest Supreme Court cases (a) that while it is error to put a reasonable-doubt burden on the defendant, and (b) not error to fail to put any burden on the state, as to these defenses, the defendant after acknowledging his commission of the act has a definite affirmative duty to convince the jury of facts negating its culpability. I also feel that the court may properly so charge, provided that he also explains to the jury the rule of law that if considering *all* the evidence, including evidence relating to the affirmative defense urged, they are not convinced beyond a reasonable doubt of the defendant's guilt, they must acquit.

I am authorized to state that Presiding Judge Pannell and Judge Webb concur in this dissent.