## 51218. JOHNSON v. THE STATE.

SUBMITTED OCTOBER 8, 1975 — DECIDED JANUARY 27, 1976 — REHEARING DENIED FEBRUARY 17, 1976 —

*Guy B. Scott, Jr.,* for appellant.
*Harry Gordon, District Attorney, Frederick B. Tyler, Jr., Assistant District Attorney,* for appellee.

CLARK, Judge.

Does a defendant charged with murder under Code § 26-1101 have the burden of proving his claim of self-defense by a preponderance of the evidence? Or, must the state prove beyond a reasonable doubt the absence of justification when the accused presents evidence that he acted in self-defense? This issue is presented for determination in light of recent decisions by the United States Supreme Court concerning burdens of proof which are antagonistic to due process standards in criminal prosecutions.

On September 6, 1974, defendant fatally shot Freddy Smith following a series of altercations arising out of a minor traffic áccident between these two persons. The indictment charged defendant with murder. At his jury trial defendant took the witness stand, and, while admitting the shooting, he asserted that he acted in self-defense. The jury found defendant guilty of the lesser offense of voluntary manslaughter. This appeal followed.

The trial judge instructed the jury in part as follows: "Now, justification by virtue of self-defense as a defense must be made to appear from the evidence, not beyond a

reasonable doubt, but to a lesser extent — specifically, by the preponderance of the evidence. If justification by self-defense is shown by a preponderance of the evidence it would be the duty of the jury to find the defendant not guilty of either of the offenses which I have defined for you and to acquit the defendant." The court then instructed the jury as to the meaning of the preponderance of the evidence.

In criminal prosecutions the standard of proof beyond a reasonable doubt is now recognized as a constitutional requirement: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact necessary to constitute the crime* with which he is charged." In re Winship, 397 U. S. 358, 364 (90 SC 1068, 25 LE2d 868). (Emphasis supplied.)

In the recently decided (June 9, 1975) case of Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508, 519), the Supreme Court articulated a somewhat expanded notion of this due process requirement: "Winship is concerned with substance rather than. . . formalism. The rationale of that case requires an analysis that looks to the 'operation and effect of the law as applied and enforced by the State,' [cit.], and to the interests of both the State and the defendant as affected by the allocation of the burden of proof."

In Mullaney the Supreme Court reviewed Maine's rule requiring a defendant to establish by a preponderance of the evidence that he acted in the heat of passion on sudden provocation in order to reduce murder to manslaughter. The court held, "that the Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." 44 LE2d 522. The court rejected the state's argument that the absence of the heat of passion on sudden provocation is not a "fact necessary to constitute the crime" of felonious homicide. The court stated, "This analysis fails to recognize that the criminal law of Maine, like that of other jurisdictions, is concerned not only with

guilt or innocence in the abstract but also with the degree of criminal culpability. Maine has chosen to distinguish those who kill in the heat of passion from those who kill in the absence of this factor. . . By drawing this distinction, while refusing to require the prosecution to establish beyond a reasonable doubt the fact upon which it turns, Maine denigrates the interests found critical in Winship." 44 LE2d 519.

Under Mullaney and Winship, the allocation of the burden of persuasion as to a defense depends upon whether the absence of that defense is a "fact necessary to constitute the crime." While Mullaney rejects formalism and requires a pragmatic analysis that looks to the operation of the law, we must be ultimately guided by the substantive requirements of our penal statutes as they relate to the proffered defense.

The elements which constitute the crime of murder are defined in our Criminal Code as follows: "A person commits murder when he *unlawfully* and with malice aforethought, either express or implied, causes the death of another human being." Code § 26-1101 (a). (Emphasis supplied.) It is apparent from a reading of our Code provision that unlawfulness is an essential element of the crime of murder.[1] It follows that if self-defense or justification negates the critical element of unlawfulness, then the state, in order to meet its constitutional burden, would be required to prove the absence of justification beyond a reasonable doubt.

The provisions of Code § 26-902 provide that the use of force in defense of self is justified under certain circumstances. Where these circumstances are found to exist, no penal consequences attach and the actor's conduct is therefore lawful. See *Hayes v. State,* 11 Ga. App. 371 (1) (75 SE 523); *Walters v. State,* 90 Ga. App. 360, 365 (83 SE2d 48). We thus conclude that a finding of self-defense negates the essential element of

---

[1]Unlawfulness is also an essential element of voluntary manslaughter, which may only occur, "under circumstances which would otherwise be murder." Code § 26-1102.

unlawfulness within the meaning of our murder and manslaughter statutes. For the state to meet its required burden of proving the element of unlawfulness, it must therefore prove beyond a reasonable doubt the absence of justification.

A claim of self-defense asserts lawful conduct. But under the charge given, that justification must be shown by a preponderance of the evidence, a defendant could be convicted of murder where the evidence indicates that it is *as likely as not* that he acted in a lawful manner. This result does not comport with the due process requirement that every fact necessary to constitute the crime be proven beyond a reasonable doubt.

We recognize those decisions of the Supreme Court of Georgia which place the burden of persuasion, as well as the burden of producing evidence, upon a defendant asserting self-defense. See *Hewell v. State,* 232 Ga. 175, 176 (2) (205 SE2d 216); *McClendon v. State,* 231 Ga. 47 (2) (199 SE2d 904). These cases were decided, however, prior to the United States Supreme Court decision of Mullaney v. Wilbur, supra. In more recent State Supreme Court opinions concerning the burden of proof problem, the thrust of Mullaney is recognized and older authorities to the contrary are impliedly disapproved. For example, in *Henderson v. State,* 234 Ga. 827, 832 (3) (218 SE2d 612), the court cited Mullaney in ruling that an instruction that a defendant must prove self-defense beyond a reasonable doubt was impermissibly burden shifting.

Mullaney was given further recognition in *Grace v. Hopper,* 234 Ga. 669, 671 (217 SE2d 267), wherein the court stated, "These United States Supreme Court cases persuade us that in order to comport with due process the prosecution must carry the burden of proving all critical essential elements of the crime charged against a defendant." In *Grace,* Presiding Justice Undercofler, writing for three members of the court, determined that the prosecution need not prove, beyond a reasonable doubt, the sanity of a defendant.[2] The basis of the

---

[2]The question of the proper allocation of the burden of proof as to insanity was not squarely decided in *Grace,* and the issue remains clouded. The opinion of the court,

conclusion was a finding that sanity is not an essential element of the offense charged.

Thus, the determination of whether the state or the defendant has the burden of persuasion with respect to a particular defense depends upon whether the truth of that defense negates an essential element of the crime charged. Utilizing this test, we are able to reconcile the seemingly irreconcilable decisions on this subject. Alibi, for example, asserts that the defendant was not present at the scene of the crime and negates the state's burden of proving that the defendant was the perpetrator of the offense. Accordingly, the burden of persuasion as to alibi rests on the state. See *Patterson v. State,* 233 Ga. 724 (213 SE2d 612). As to the defense of coercion (Code § 26-906) in a robbery prosecution our court split with three opinions in *Moore v. State,* 137 Ga. App. 735. The majority ruled that coercion necessarily negates the requisite criminal intent for that crime and that the burden of disproving coercion must therefore be placed upon the prosecution.

The defense of entrapment (Code § 26-905), however, is predominantly a deterrent device against wrongful police activity. Since entrapment does not negate any essential element of an offense, it is not constitutionally impermissible to place the burden of persuasion as to this defense on the defendant. *State v. McNeill,* 234 Ga. 696 (217 SE2d 281). Likewise, abandonment (Code § 26-1003), which gives a wrongdoer a chance to avoid the legal consequences of his act by abandoning his criminal task, does not involve an element of offense and the

placing the burden on the defendant, represented the views of three justices. Justice Hall, in his special concurrence, wrote that the "burden quite properly remained at all times upon the prosecution" under the contested instruction. Likewise, Justice Hill concurred in the judgment on the basis that the ambiguous charge placed the burden on the prosecution. Justices Ingram and Gunter dissented on the ground that the charge placed an impermissible burden on the defendant. It thus appears that four of our seven justices believe that due process requires the prosecution to prove the defendant's sanity beyond a reasonable doubt.

burden of proving this defense may properly be placed on the defendant. *Cowart v. State,* 136 Ga. App. 528 (221 SE2d 649); *Gibbons v. State,* 136 Ga. App. 609 (222 SE2d 55).

We recognize, of course, that our Criminal Code has designated self-defense as an "affirmative defense." Code Ann. § 26-907. Constitutional rights, however, are not determined on the basis of such labels. Thus, while it has sometimes been said that the burden as to an affirmative defense is upon the defendant, we are persuaded by recent decisions of our Supreme Court that the only burden placed upon a defendant with respect to *all* affirmative defenses is the burden of production. This interpretation is consistent with the statutory definition of affirmative defense: "With respect to any affirmative defense authorized in this Title, unless the State's evidence raises the issue invoking the alleged defense, the defendant to raise the issue, must present evidence thereon. . ." Code Ann. § 26-401 (a).

We conclude that in a murder prosecution, where the state's case contains no evidence of justification, the defendant has the burden of producing some evidence in order to create a factual issue as to self-defense. Once this is done, the state then has the burden of proving, beyond a reasonable doubt, unlawfulness or the absence of justification for the act. The instruction here deprived defendant of due process of law by erroneously placing upon him the burden of persuasion as to an essential element of the offense. Accordingly, defendant must be granted a new trial.

Defendant's remaining enumeration, contending that the court erred in instructing the jury as to voluntary manslaughter, is without merit, since there was evidence showing that defendant acted in the heat of passion and as a result of the deceased's serious provocation. See *Banks v. State,* 227 Ga. 578, 580 (182 SE2d 106).

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*