## 30757. DAVIS v. THE STATE.

Per curiam.
The defendant was convicted of murder and sentenced to life imprisonment. The defendant and the victim had had a fight two weeks earlier. On the night of the homicide, according to the defendant, the victim and the defendant were in a cafe, the victim pointed a pistol at the defendant, the defendant went outside, returned with a shotgun and killed the victim as he reached for his pistol. The state's witnesses had testified that the victim started to put his hands up when the defendant came in with the shotgun. Defendant contends that the trial court did not properly charge the jury so that he was denied a fair trial.

1. The defendant contends that the following portion of the charge to the jury was error: "If it should appear to you by the preponderance of all of the evidence in the case that the homicide of the deceased was justified under the rules of law which I have given you in charge then in such an event it would be your duty to acquit the defendant of the charge of murder and of the lesser included charge of voluntary manslaughter contained in the indictment and to find the Defendant not guilty. By the phrase 'by the preponderance of the evidence' I mean that superior weight of evidence on the issue involved which, while not

enough to wholly free the mind from reasonable doubt is yet sufficient to incline a reasonable and impartial mind to one side of the issue rather than to the other; however, whether or not. . . justification has been proven by the preponderance of the evidence the burden of proof still rests on the State to prove beyond a reasonable doubt that the defense of justification does not exist before you would be authorized to convict the Defendant of either of the offenses which I have defined for you." Although this charge will not hereafter be approved, *State v. Moore,* 237 Ga. 269 (1976), it was not error to give it at the time of the trial in this case. *State v. Moore,* supra.

2. Defendant complains of that part of the charge defining murder, Code § 26-1101, which states that malice ". . . shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart." The defendant contends that this portion of the charge unfairly shifted to him the burden of proving provocation; i.e., of proving his innocence.

Malice is a state of mind and frequently must be proven indirectly. It is an element of the crime of murder with malice aforethought and therefore must be proven by the state beyond a reasonable doubt. Where the state proves all the circumstances of the killing and those circumstances show an abandoned and malignant heart, malice shall be implied unless there is evidence showing considerable provocation.

The burden of producing some evidence of provocation is on the defendant only after the state shows circumstances from which malice may be implied, and the ultimate burden of proving malice beyond a reasonable doubt is on the state. This requirement of producing evidence is expressly not affected by the holding in Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975), n. 28.

The charge of the court as to malice being implied was not error.

*Judgment affirmed. All the Justices concur, except Gunter, Ingram and Hill, JJ., who dissent.*

Argued February 9, 1976 — Decided June 30, 1976 —

*Robert D. Peckham, Jack H. Affleck,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd,* for appellee.

HILL, Justice, dissenting.

Although I concur in the second division of the opinion, I respectfully dissent as to the first division. I would adopt the decision of the Court of Appeals in *Moore v. State,* 137 Ga. App. 735 (224 SE2d 856) (1976), and *Johnson v. State,* 137 Ga. App. 740 (224 SE2d 859) (1976). See Smith v. Smith, 454 F2d 572 (5th Cir. 1971).

I am authorized to state that Justice Ingram joins in this dissent.