## 51218. JOHNSON v. THE STATE.

CLARK, Judge.

Our previous opinion of reversal is reported in 137 Ga. App. 740 (224 SE2d 859). Upon certiorari (*State v. Johnson,* 237 Ga. 276) our Supreme Court directed that our judgment be vacated and the case remanded to us for consideration in accordance with the opinion in *State v. Moore,* 237 Ga. 269 (227 SE2d 241).

The holding in *State v. Moore* is to the effect that the jury instruction which we ruled erroneous will not be henceforth approved but the application thereof is to be prospective only. In conformance with the Supreme Court's direction we hold that the charge given in this case was not error at the time of the trial in this case. See *Davis v. State,* 237 Ga. 279 (227 SE2d 249) and *Cowart v. State,* 237 Ga. 282 (227 SE2d 248).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

DECIDED SEPTEMBER 23, 1976 —
REHEARING DENIED NOVEMBER 5, 1976.

*Guy B. Scott, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, Frederick B. Tyler, Jr., Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

Appellant has moved for a rehearing on the basis that "in its decision this court has overlooked the case of Ivan v. City of New York, 407 U. S. 203 (1973) which requires a different holding."

Our examination of the original record in *State v.*

*Moore,* supra, reveals this contention to have also been made there by motion for rehearing and apparently considered to be without merit. "The decisions of the Supreme Court shall bind the Court of Appeals as precedents." Ga. Const., Art. VI, Sec. II, Par. VIII (Code Ann. § 2-3708).

*Motion for rehearing denied.*