45541. KING v. SCHAEFFER et al.

Argued September 15, 1970—Decided March 4, 1971—
Rehearing denied March 31, 1971—Cert. applied for.

*Neely, Freeman & Hawkins, William H. Duckworth, Jr.,* for appellant.

*King & Spalding, Robert L. Steed, Charles H. Kirbo,* for appelees.

DEEN, Judge. ■ The evidence on the second trial was substantially the same as on the first. Both the Supreme Court and Court of Appeals have held that if the jury should find under the evidence in the case (including evidence of the rules and regulations of the employer which was introduced on both trials but not on the motion for summary judgment) that if Schaeffer's right to discharge King was absolute he would not be liable in an action

charging him and another superior with conspiracy to effect the discharge. "Any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be." *Code Ann.* § 81A-160 (h). Further, the introduction of certain rules and regulations in evidence would not, even disregarding the prior opinion, demand a finding that Schaeffer could not discharge King because the document also states that it is recommended "with such changes as are necessary and desirable" and that it "does not constitute a contract between the corporation and the employee."

Nor was it error to charge the jury that, should they decide that the plant manager Schaeffer had the right to terminate King's employment by reason of the established practice of General Motors and the actual authority given him, it would be their duty to return a verdict in favor of the defendants. Such a verdict under that state of facts would of course be necessary as to Schaeffer and, disregarding other considerations, if Schaeffer, the only Fulton County defendant, prevailed, there could be no verdict against the co-defendant, Doran, a resident of DeKalb County. It is, therefore, not necessary to go into the question of whether malice and lack of authority on the part of Doran, if he persuaded Schaeffer to do something that Schaeffer could do with impunity in any event regardless of motive, would be actionable against Doran in a suit based on conspiracy between the two to effect such a result.

■ The remaining enumeration of error goes to the admission of evidence which is contended to be hearsay and inadmissible as an attempt to alter a written instrument. Even if error, the admission of the testimony was not harmful since other similar testimony was admitted without objection. *Walthour v. State,* 191 Ga. 613 (13 SE2d 659); *Moore v. State,* 193 Ga. 877 (9) (20 SE2d 403); *American Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122 (2) (135 SE2d 442).

The trial court did not err in overruling the motion for new trial.

*Judgment affirmed. Bell, C.J., Jordan, P. J., Hall, P. J., Eberhardt, Pannell and Quillian, JJ, concur. Evans J., dissents. Whitman, J., not participating.*

Evans, Judge, dissenting. I dissent from the judgment of affirmance and from Division 1 and the corresponding headnote. I cannot agree with the majority that the law of the case has been established on previous appeal of this litigation. Therefore a review of the facts and events of this case are necessary here.

King filed a suit against Schaeffer and Doran, alleging that they had conspired with each other to wrongfully cause him to be discharged as an employee of the Fisher Body plant in Atlanta, a division of General Motors Corporation. The petition was brought in four counts as follows:

Count 1 alleged a wrongful and fraudulent conspiracy between the two defendants to cause him to be discharged; Count 2 was based on slander; Count 3 was for libel; and Count 4 was quite similar to Count 1.

The case has been to the Court of Appeals twice and the Supreme Court of Georgia once. In *King v. Schaeffer,* 115 Ga. App. 344 (154 SE2d 819), this court reversed the trial court's judgment in granting summary judgment for the defendants but affirmed the judgment of dismissal as to slander (Count 2). The appeal as to Count 3 was abandoned. On certiorari to the Supreme Court of Georgia (*Schaeffer v. King,* 223 Ga. 468 (155 SE2d 815)), the Court of Appeals was affirmed with direction to strike Division 4 of the Court of Appeals' opinion. The case was reached again in the Superior Court of Fulton County where a verdict was directed in favor of the defendants, and this court reversed that judgment in *King v. Schaeffer,* 119 Ga. App. 735 (168 SE2d 911). On the return of the remittitur another trial was held resulting in a verdict and judgment for the defendants. A motion for new trial was duly filed, heard and overruled, and the appeal is from the final judgment and the judgment of the court overruling the plaintiff's amended motion for new trial. It is my firm opinion that one of the errors enumerated is meritorious, that is, that the trial court erred in giving a written request to charge submitted by the defendants, to the effect that if the jury decided the plant manager, defendant Schaeffer, had the right to terminate Mr. King's employment by reason of the established practice of General Motors, and because of the actual authority given him by two other officials, the jury would need to go no further in the consideration of

the case, but it would be their duty to return a verdict in favor of the defendants.

1. It is perhaps an understatement to say that none of the decisions by our appellate courts in this case can be construed to have established "the law of the case." In fact, it is more than a little difficult to determine exactly what was decided other than what has been set out above.

One principle of law that runs throughout this entire case should be set forth at the outset to make for a better understanding of it. First of all, our Georgia appellate courts have held time and again that a person who conspires with an employer to wrongfully effect the discharge of an employee, even though the employer has absolute authority to terminate such employment, is not afforded immunity. As a corollary, it follows that the employer is not afforded immunity under such circumstances because his rights and liabilities are measured exactly as are the rights and liabilities of his co-conspirator.

Certain language was used in some of the opinions in the prior appearances of this case in the Court of Appeals and Supreme Court of Georgia which intimated that if the defendant Schaeffer, a superior officer of King, had an absolute right to discharge him, then he would incur no liability for such conduct, no matter if it was wrongful. But, a careful reading of the language in this respect will show that same is taken from American Jurisprudence, and a "general rule" only is quoted, thus implicitly showing there are exceptions. For instance, Presiding Justice Almand's opinion in *Schaeffer v. King*, 223 Ga. 468, 470, supra, stated: "It is *generally* held that no liability for procuring a breach of contract exists where the breach is caused by the exercise of an absolute right. . ." (Emphasis supplied.)

One of the exceptions to this rule is found in the case sub judice where joint conspirators are sued as joint tortfeasors and where the act of each conspirator becomes the act of the other, with both being fully responsible and liable for the act of each. There was never a contention that Doran had an absolute right or any other right to discharge King, and Schaeffer's rights as a co-conspirator with Doran can rise no higher than Doran's rights— each is responsible and liable for the act of the other. In this

connection, see: *Wall v. Wall,* 176 Ga. 757 (1, 4) (168 SE 893): "As to parties defendant in tort, one, or any, or all of several joint wrong-doers may be sued. . . Proof of the conspiracy renders the act of one in deceiving and defrauding the injured party the act of all." *Grant v. Hart,* 192 Ga. 153 (5) (14 SE2d 860): "Where several persons conspire to defraud another, one or all of the wrong-doers may be sued, 'proof of the conspiracy renders the act of one in deceiving and defrauding the injured party the act of all.'" *Willson v. Appalachian Hardware Co.,* 220 Ga. 599, 609 (140 SE2d 830): "Where several persons conspire to defraud another, one or all of the wrongdoers may be sued, and proof of the conspiracy renders the act of one in deceiving and defrauding the injured party the act of all." It has been many times held by the Georgia appellate courts that an employer's sole and absolute right to decide when he will discharge an employee will not protect against a wrongful conspiracy to bring that event to pass earlier than it would otherwise have occurred. See *Ott v. Gandy,* 66 Ga. App. 684, 688 (19 SE2d 180): "The fact that employment is at will and that the employer is free from liability for discharging an employee *does not carry with it immunity to a third person who, without justification, causes the discharge of the employee.* Thus, the rule has been stated that where a third person induces an employer to discharge an employee, under a contract terminable at will, but under which the employment would continue indefinitely, in accordance with the desire of the employer, except for such interference, and where the only motive actuating the third person is a desire to injure the employee . . . . *a cause of action arises in favor of the employee against such third person.*" (Emphasis supplied.)

And under the authorities cited previously, where such intermeddler is sued jointly as a tortfeasor with the employer, each is liable for all of the acts of the other, which result from the unlawful conspiracy.

In the case of *Studdard v. Evans,* 108 Ga. App. 819, 823 (135 SE2d 60) this court held: "However, formal defects affecting the enforceability of the contract between the parties, or the fact that employment is at the will of the employer, *do not give immunity to a third person who without justification interferes with the relation between the parties to the contract. Salter v. Howard,* 43 Ga.

601, 603; *Ott v. Gandy,* 66 Ga. App. 684, 688 (19 SE2d 180); accord *Southern R. Co. v. Chambers,* 126 Ga. 404, 406 (55 SE 37, 7 LRA (NS) 926); *Bromley v. Bromley,* 106 Ga. App. 606, 613 (127 SE2d 836); Powell v. Leon, 172 Kan. 267 (239 P2d 974)." (Emphasis supplied.) Thus, Schaeffer stood in Doran's shoes and Doran stood in Schaeffer's shoes so far as their liability to plaintiff was concerned, and the foregoing authorities make it abundantly clear that Doran had no immunity simply because Schaeffer may have had absolute authority to discharge King at any time. The trial court's charge to the jury here complained of is in the following language: "The first question you must decide in this case is whether or not the defendant Schaeffer as plant manager had the right to terminate Mr. King's employment. Mr. King contends that he did not. Mr. Schaeffer contends that by the established practice of General Motors and because of actual authority given him by Mr. Owens and by Mr. Klotzburger he had authority to terminate King's employment. If, from a preponderance of the evidence, you find that he did have the authority to discharge Mr. King, you would need go no further in your consideration of the case and it would be your duty to return a verdict in favor of the defendants." This charge was erroneous. Under the authorities set forth above neither defendant could claim immunity simply because one of them had an absolute right to discharge the plaintiff from his employment. This charge would have been appropriate only in the event that Schaeffer alone had been sued. Where he was sued with Doran as a joint conspirator his rights in the premises were on the same level as were Doran's, and, of course, Doran had no immunity for his fraudulent conspiracy simply because the other conspirator had an absolute right to terminate the employment at will. The court not only allowed the jury to exonerate Schaeffer if it was shown that he had an absolute right to discharge plaintiff, but also in effect instructed them that such authority in Schaeffer would also give immunity to Doran. Such charge is directly counter to the authorities cited above, and is erroneous.

2. But did Schaeffer actually have the absolute authority to discharge King? Excerpts from the written rules and regulations of the company were submitted in evidence which stated unequivo-

cally that: "The specific approval of the General Manager of a Division or Central Office Staff Head is required for the involuntary separation of an employee with 10 or more years' length of service." King had more than 10 years' service. Likewise, the foreword showed clearly that the authority to vary the rules remained solely in the corporation to suspend, modify or cancel in whole or in part the procedure with respect to employment and separation of employees. Thus, even though Schaeffer had been verbally instructed by certain superiors that he had "all authority to hire and fire or change anything that was in the plant. . ." and had "full responsibility to manage the Fisher Body Plant and that . . . this authority included the right to hire and fire anyone in the organization," the written rules and regulations pertaining thereto show clearly that only the corporation could suspend, modify or cancel them. Under the above written evidence, which was the highest and best evidence, Schaeffer did not have absolute authority to hire and fire but was required to follow the established procedure for separating this employee. Under these circumstances, the court likewise erred in instructing the jury to the effect that if it decided Schaeffer had the right to terminate King's employment by reason of the general practice of General Motors, and by reason of the actual authority given him by Owens and Klotzburger, the jury need go no further in consideration of the case, but it would be their duty to return a verdict in favor of the defendants.

For both of the above reasons, the lower court erred in charging the jury in such a way as to direct the verdict against the plaintiff. I therefore dissent.