## 50479. SANDERS v. THE STATE.

Quillian, Judge.
Defendant appeals his conviction for driving a motor vehicle while under the influence of intoxicants. The court had entered a nolle prosequi on the first accusation against defendant because of a "scrivener's error," on August 6, 1974. The second accusation had been filed on August 5, 1974. Trial was held August 6, 1974. The

attorney for defendant signed the new accusation and did not request a continuance. At trial he moved to dismiss the new accusation because it "varies fatally between the original accusation." The variance complained of was that the first accusation alleged defendant had been driving a "1969 Ford pickup truck with license tag number of RK3478." The amended accusation did not contain a description of the vehicle defendant was alleged to have been driving. Counsel for defendant explained the basis for his complaint was "[t]hat vehicle does not exist." The motion was denied. After defendant had been convicted, counsel moved for a new trial, alleging inter alia, "the court erred in not granting a continuance . . . forcing defendant to trial without adequate time to prepare a defense to the new accusation. Defendant has enumerated as error before this court general grounds and denial of his motion for a new trial which had included special grounds of: (1) trial court failed to allow counsel "appropriate or reasonable opportunity to prepare a defense to the new accusation, thereby denying defendant's right to effective assistance of counsel," and (2) it was error to admit testimony that defendant had refused to submit to various intoxication tests. *Held:*

1. Defendant did not request a continuance before trial or during trial. His objection was couched in terms alleging a fatal variance between the old and new accusation—which was overruled. He has not asserted the overruling of that objection as an enumeration of error at this level. In essence he abandoned one theory asserted during trial for another theory in his motion for a new trial. In so doing, legally—he abandoned both. An issue raised as a basis for a motion for a new trial which was not asserted during the trial, cannot be asserted on appeal as a basis for reversal. *Radio Cabs v. Tolbert,* 86 Ga. App. 181, 192 (71 SE2d 260); *Complete AAA Mfg. Corp. v. C & S Nat. Bank,* 119 Ga. App. 450 (2) (167 SE2d 734). An issue not raised during the trial in any form calling for a ruling will not be considered by this court. *Ocilla Truck &c. Co. v. Nolan,* 124 Ga. App. 417 (184 SE2d 48).

2. The remaining allegation of error asserted as a basis for a new trial and now enumerated at the appellate level must suffer the same fate. No objection was voiced

during trial to evidence of the state that the defendant refused to take intoxication tests. A party cannot ignore during trial what he thinks to be error, take his chances on a favorable verdict, and later complain if the court's determination is adverse to him. *Camp v. Fidelity Bankers Life Ins. Co.*, 129 Ga. App. 590 (200 SE2d 332).

3. We find no merit in appellant's assertion of general grounds of error. The evidence of record amply supports the court's verdict.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED APRIL 8, 1975 — DECIDED MAY 14, 1975.

*Wallace C. Clayton,* for appellant.

*Paul F. Carden, Solicitor, Herbert A. Rivers,* for appellee.