## 52003. MOORE et al. v. THE STATE.

BELL, Chief Judge.

The defendants were convicted of criminal attempt to commit armed robbery and they appeal. *Held:*

1. About thirty minutes after the commission of the offense, defendants were arrested and returned to the scene where the victim, a package store operator, identified them. As this lineup was conducted prior to the initiation of adversary criminal proceedings, defendants did not have a right to counsel nor did they have to be advised of any right to counsel. *Mitchell v. Smith,* 229 Ga. 781 (1) (194 SE2d 414).

2. Testimony was elicited by cross examination that one of the defendants was required to remove his shirt at the police station. No objection was ever made to this testimony. Consequently, defendant will not be heard to complain of it on appeal.

3. Defendants assert that the court erred in charging the jury that if the jury found that defendants' out-of-court statements were voluntary, "then you will consider them as evidence. . ." The argument is made that this charge commands the jury to consider the statements as evidence. There is no merit to this contention. This is only a part of the charge as the court continued by stating "and you will apply the general rules for testing the believeability of witnesses and decide what weight, if any, you give to any, to all or any part of such evidence." Elsewhere the court charged: "The jury may believe admissions or incriminatory statements in whole or in part, believing that which they find to be true and rejecting that which they find to be untrue."

4. The court charged the jury on both armed robbery, the lesser offense of robbery and criminal attempt. The lesser offense of criminal attempt to commit robbery was reasonably raised by the evidence. No error was committed by charging the lesser crime.

5. It is urged that the trial judge erred by questioning witnesses and by injecting his views and opinions and by otherwise influencing the conduct of the course of the trial which deprived defendants of a fair trial. An examination of the citations to the transcript

where this error was allegedly committed fails to show any judicial misconduct or lack of impartiality on the part of the trial judge. Moreover, no objection or motion for mistrial was ever made. No error has been shown. See *King v. State,* 121 Ga. App. 347 (173 SE2d 746).

6. The evidence authorized the convictions of all defendants and it was not error to deny the motion for a directed verdict of acquittal.

7. It was not error to deny the motion in arrest of judgment which was based on the post-trial affidavit of a juror which clearly tended to impeach his verdict. Affidavits impeaching a juror's verdict are not permitted under the law of Georgia. Code § 110-109; *Wisdom v. State,* 234 Ga. 650, 658 (217 SE2d 244).

8. The sentences adjudged were authorized on conviction for criminal attempt to commit armed robbery.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

ARGUED APRIL 5, 1976 — DECIDED MAY 17, 1976 — REHEARING DENIED JUNE 11, 1976 — 

*G. Hughel Harrison, Glyndon C. Pruitt,* for appellants.

*W. Bryant Huff, District Attorney, Dawson Jackson, Assistant District Attorney,* for appellee.