## 52560. DANSBY v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of first degree forgery.

1. The defendant first claims that he was deprived of his right to a speedy trial. During the twenty-two months between arrest and trial, almost a year passed during which the defendant's handwriting samples were being analyzed, with some lengthy delays concurring in receipt by the authorities of exemplars from the defendant, who was free on bail. A few months later, in July 1974, an indictment was presented to the DeKalb County grand jury and a true bill returned. In November 1974, the indictment was dead docketed for lack of venue, and the defendant's file forwarded to Fulton County. This indictment was nolle prossed due to an incorrect date on the indictment, and the defendant was re-indicted on March 4, 1975. The case proceeded to trial on March 26, 1975.

The defendant can not claim the benefits of Code § 27-1901, because he made no demand for trial. Therefore, his assertion that he was denied a speedy trial must be considered in regard to state and federal constitutional provisions.

This state's Supreme Court stated several months ago, "In speedy trial decisions, the court has emphasized that the denial of speedy trial may work to a defendant's advantage, and therefore there is no per se prejudice to a defendant from delay, nor is there any specific number of days or months within which he must be tried. Barker v. Wingo, 407 U. S. 514 (92 SC 2182, 33 LE2d 101)(1972). Factors to be considered are the length of the delay, the reason for the delay, the defendant's assertion of the right, and actual prejudice to the defendant." Id. *Harris v. Hopper,* 236 Ga. 389, 390 (224 SE2d 1). There were legitimate procedural and investigative reasons for the delay in this case (see *Johnson v. Smith,* 227 Ga. 611 (1) (182 SE2d 101)), the defendant never asserted his right, and, under the test of Barker v. Wingo, supra, we find that there has been no prejudice to the defendant.

Nor do we find the twenty-two-month delay to have been too long as a matter of law. "There is no question that trying a case two years after the defendant's arrest and indictment is not 'speedy.' However, '[t]he mere passage of time is not enough, without more, to constitute a denial of due process.' *Hughes v. State,* 228 Ga. 593, 595 (187 SE2d 135); *Sanders v. State,* 132 Ga. App. 580, 582, supra." *State v. Fields,* 137 Ga. App. 726, 727 (224 SE2d 829). Therefore, the defendant was not denied his right to a speedy trial.

2. The defendant next contends that the case must be reversed because two witnesses perjured themselves by implying that they were married, when in fact they had been recently divorced. However, the marital status of the witnesses was totally immaterial to the case, and, thus, any statements concerning it could not have been perjury. Code Ann. § 26-2401 (Ga. L. 1968, pp. 1249, 1310; 1973, pp. 159, 163).

3. The defendant further alleges error by claiming that the alternate juror knew one of the state witnesses. However, at no time during the trial did the defendant challenge the alternate's qualifications, nor is there any evidence that this thirteenth person in any way prejudiced the jury. Therefore, this enumeration of error is without merit.

4. The defendant finally seeks reversal based upon a

vague claim that he has obtained new evidence. "The rules relating to the grant of a new trial based on newly discovered evidence are: (1) that the evidence has come to the knowledge of the moving party since the trial; (2) that it was not owing to the want of due diligence that the moving party did not acquire it sooner; (3) that it was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. See *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357)." *Walters v. State,* 128 Ga. App. 232, 233 (196 SE2d 326).

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 20, 1976 — DECIDED OCTOBER 5, 1976 — REHEARING DENIED OCTOBER 22, 1976.

Albert N. Dansby, *pro se.*

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.