56326. KENO et al. v. ALSIDE, INC.

BIRDSONG, Judge.

Appellants, Keno and White, appeal the jury verdict and judgment entered against them in favor of appellee Alside in the amount of $167,000. The evidence authorized the jury to conclude that Keno was the Atlanta warehouse manager for Alside, an Ohio manufacturer of aluminum siding and metal building products, and that Keno entered into an agreement with Broussard, a salesman working for Alside together with White, a friend of Keno who lived in Keno's home. Though this agreement was somewhat complex, in substance it established a dummy business, and registered that business as an account with Alside in Ohio. Sales actually

made to cash and c.o.d. customers in the Atlanta warehouse were recorded in the name of the dummy business. Purchase "drays" were prepared showing cash received for a purchase in an amount less than that actually paid by the customer; cash customers were required to pay "full price" but the dummy business recorded a discount credit; other customers on merchandise returns were given smaller actual credits than were in fact debited to the dummy business. In all cases, the actual purchasers were not disclosed to Alside, who was led to believe that the purchaser was the dummy business. This operation continued from 1972 until 1976. The evidence was in conflict whether the excess funds thus generated were to pay for bad debts for purchasers funneled through the dummy business or was to be divided between Broussard, White and Keno. Broussard in effect confessed culpability, admitting on the stand that he had improperly obtained $10,000 from the scheme. During the trial, Alside dismissed its claim against Broussard in exchange for a $10,000 settlement and his testimony at the trial. Keno and White enumerate six alleged errors. *Held:*

1. In their first enumeration of error, appellants urge that the weight of evidence is insufficient to support the findings of the jury. On appeal, our review is restricted to the legal sufficiency of the evidence, not the weight of the evidence. *Hallford v. Banks,* 236 Ga. 472 (224 SE2d 35). Nevertheless, the issue of whether there existed a fraudulent scheme to divert money owing to Alside or a mere circumvention of the corporate rules for a beneficent purpose was clearly presented to the jury. That evidence was in conflict, and the jury resolved the issue against the appellants. As to the general grounds, this court is bound by the "any evidence" rule and must accept the appellee's state of the evidence as was done by the jury and the trial judge. In the absence of legal error, this rule prevails even where the verdict may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). In this case the evidence did not demand a verdict in the favor of appellants and there is evidence to support the verdict of the jury. *Jones v. State,* 141 Ga. App. 17, 18 (232 SE2d 365). Thus, the trial court did not err in

denying a motion for new trial on the general grounds.

2. In addition to the general grounds, appellants in Enumeration No. 4, also urge as error that the trial court erred in refusing upon reconsideration to grant a new trial based upon newly discovered evidence. It is urged that a key witness for Alside misrepresented the shortage by approximately $50,000. Appellants also contend that they were denied sufficient discovery to reveal the discrepancy until after the civil trial was over. At a subsequent criminal trial for mail fraud on the same facts, the error was discovered and allegedly admitted by the witness.

The record does not support appellants' contention. The witness furnished an affidavit for the trial court in its consideration of the extraordinary motion for new trial. The witness did not vary from the amount of the shortage in the two trials but did indicate that differing methods would lead to the same amount of shortage. Thus, in the civil trial, the witness did not consider sales taxes or freight charges. In the criminal trial, these costs were considered; the difference amounted to almost $50,000.

We conclude that the proffered evidence does not meet all the tests demanded for the grant of a new trial based on newly discovered evidence. See *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357); *Dansby v. State,* 140 Ga. App. 104, 106 (230 SE2d 64). We are satisfied as a matter of law that the proffered evidence was not so material that it would probably produce a different result and that the purpose and effect of the evidence, in its ultimate use, would be to impeach the credit of the witness. Thus, we conclude that the trial court did not err in denying the extraordinary motion for new trial.

3. In Enumerations 2 and 3, we are confronted with a longstanding legal principle that a party cannot during the trial ignore what he thinks to be error or an injustice, take his chance on a favorable verdict, and complain later. *Joyner v. State,* 208 Ga. 435, 438 (67 SE2d 221); *Gibbons v. State,* 136 Ga. App. 609, 610 (222 SE2d 55); *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371). Where an appellant asserts error and no objection was made thereto at trial or no positive action of the trial court was the cause of the alleged error, the action or failure of action by the

trial court cannot be made the basis of appellate review, either as a ground of a motion for new trial or as a ground of enumerated error on direct appeal. *Pulliam v. State,* 236 Ga. 460, 463 (224 SE2d 8); *Hart v. State,* 227 Ga. 171 (179 SE2d 346); *Moore v. State,* 138 Ga. App. 902 (2) (227 SE2d 809). In this case, appellants argue that the trial court erred in forcing them to go to trial on the civil case while a criminal trial was pending in a federal district court. In the second argument, appellants complain that they were denied due process of law and that a fraud was worked upon them by the "purchase" of the testimony of their co-defendant Broussard by Alside and by the actions of Broussard's counsel in not advising them of Broussard's intent to testify against them in exchange for a dismissal as to him.

The record fails to disclose any motion for an order to continue the civil trial. There was complaint made in a brief of the convergence of interests in the two pending suits, but at no time did appellants make a formal request for continuance based on this ground. The only request was for a protective order as to the taking of discovery which was granted in part by the trial court. In their second argument discussed herein, appellants neither objected to the testimony of Broussard nor indicated that they felt an impropriety was worked against them by the timing of the dismissal filed by Alside or in the testimony per se of Broussard. The merits of their argument are raised for the first time in their brief before this court. The burden of showing harmful error is on the appellant, and this must be shown by the record; it may not be done by assertions appearing only in briefs or enumerations of error. *Airport Assoc. v. Audioptics Instructional Devices,* 125 Ga. App. 325 (2) (187 SE2d 567); *Jenkins v. Bd. of Zoning Appeals of City of Columbus,* 122 Ga. App. 412 (177 SE2d 204). These enumerations present nothing for review.

4. In their fifth enumeration of error, appellants assert that the trial court prejudicially erred in admitting evidence of Keno's state of wealth by means of an income tax return and personal testimony while on cross examination. It is contended that such evidence is irrelevant and immaterial. We disagree. Appellant Keno

contended at trial that he had not personally profited from the scheme to divert money from Alside. The evidence showed that Keno was a salaried employee at approximately $10,000 per annum. The allegedly objectionable evidence reflected that Keno owned a home valued in excess of $90,000 with a swimming pool, owned other real estate of substantial value, and had a bank account with approximately $50,000 in cash.

It is the rule in this state that where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Cravey v. J. S. Gainer &c. Co.,* 128 Ga. App. 465 (197 SE2d 171). Although explanatory evidence was offered by Keno, we believe the allegedly objectionable evidence was admissible to contradict and impeach Keno's earlier testimony that he had not profited by the dummy business entity created by himself, White, and Broussard. This enumeration is without merit.

5. In their final enumeration of error, appellants contend that the trial court erred in refusing to give two requested charges. These charges dealt with the asserted direction by officers of Alside, as principals, to Keno, as agent, to increase sales by the use of a dummy business or any other legal method and the subsequent ratification of the business dealings engaged in by the dummy business on behalf of Alside. The crux of Alside's complaint was not the use of a device to increase sales but that the funds generated belonged to Alside and were wrongfully diverted to Keno, Broussard and White. The evidence was not in dispute that the dummy business was in existence and that Alside had an account by that name and did a large volume of business through that account. The real issue was whether funds generated were illegally diverted. Alside denied knowing that there were any funds in excess of those reported by Keno emanating from that account and Keno denied diverting any funds for an unlawful purpose. Thus, though there was an issue as to whether Alside condoned a questionable business operation, there was no issue that Alside had authorized the diversion of funds for any purpose.

A request to charge the jury must be legal, apt, and

precisely adjusted to some principle involved in the case, and be authorized by the evidence. *Kessel v. State,* 236 Ga. 373, 374 (223 SE2d 811); *Seaboard C. L. R. Co. v. Thomas,* 229 Ga. 301 (190 SE2d 898). Inasmuch as the charge was not precisely adjusted to the issue involved, it was not error for the trial court to fail to give the requested charges. *McMullen v. Vaughan,* 138 Ga. App. 718, 721 (227 SE2d 440); *Shannon v. Kaylor,* 133 Ga. App. 514, 516 (211 SE2d 368). This enumeration likewise lacks merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 18, 1978 — DECIDED NOVEMBER 7, 1978 — REHEARING DENIED DECEMBER 20, 1978 —

*Glen A. Garrett,* for appellants.

*Kutak, Rock & Huie, R. William Ide, III, C. Edward Dobbs,* for appellee.

ON MOTION FOR REHEARING.

Appellants urge, among other grounds, that the opinion of this court was in error in concluding that the record and transcript did not disclose a motion for an order of continuance in the civil proceedings (the trial sub judice) while a criminal proceeding in federal court was pending. Attached to the motion for rehearing is an affidavit by the trial judge that such a motion, oral in nature, was in fact made and denied by the trial court.

Pretermitting the question of whether this court can consider as part of the record, assertions in or documents attached to an appellate brief, we find no error in the denial of the oral motion for a continuance of the civil proceedings during the pendency of the criminal trial.

All applications for continuance are addressed to the sound legal discretion of the court, and, if not expressly provided for, shall be granted or refused as the ends of justice may require. Code Ann. § 81-1419. A refusal to grant a continuance will not be disturbed by appellate courts unless it clearly appears that the trial court abused its discretion in this regard. *Marshall v. State,* 239 Ga. 101, 102 (1) (236 SE2d 58); *Morgan v. State,* 135 Ga. App.

139 (217 SE2d 175).

Appellants argue that forcing them to continue the civil litigation exposed them to problems of self-incrimination, and curtailed their right to a fair trial. Contrary to that assertion, appellants presented cogent and full defenses in the court litigation and indicated in no way in what manner their denial of diversion of funds was inhibited. We find no abuse of discretion in the denial of the motion for continuance. The remaining grounds advanced for a rehearing are similarly without merit. Accordingly, we adhere to our opinion as rendered.