## 64525. HOWARD et al. v. HARN.

BANKE, Judge.

The plaintiff sued for personal injuries when his motorcycle collided with a car being driven by one of the defendants, and the jury returned a verdict in his favor. The defendants appeal.

Subsequent to the collision, which occurred in March 1979, the plaintiff was indicted for possession and trafficking in marijuana. These offenses were alleged to have occurred in February of 1981. The defendants filed a motion for continuance on October 1, 1981, four days before the commencement of trial on October 5, 1981, seeking a delay until ". . . October 13, 1981, or until such time as the criminal charges against . . . [the plaintiff] . . . are disposed of by plea,

jury verdict or otherwise." The stated purpose of the motion was to enable the defendants to use the results of the criminal proceeding to discredit the plaintiff. *Held:*

1. "All applications for continuance are addressed to the sound legal discretion of the court, and if not expressly provided for, shall be granted or refused as the ends of justice may require. Code Ann. § 81-1419. A refusal to grant a continuance will not be disturbed by appellate courts unless it clearly appears that the trial court abused its discretion in this regard. [Cits.]" *Keno v. Alside, Inc.,* 148 Ga. App. 549, 554 (251 SE2d 793) (1978). The ground for continuance here is not one expressly provided for by statute. We find no such abuse of the trial court's discretion.

2. Ruling upon a motion in limine, the trial court ordered that "all counsel for defendants, and all witnesses connected thereto, refrain from making any mention, either direct or indirect, of any arrest, arraignment, indictment or criminal charges that may presently be pending against plaintiff in Effingham County, Georgia, pertaining to alleged possession of and trafficking in marijuana and attempt and conspiracy to commit such offense or any matter relating thereto . . ." The defendants argue that evidence of the plaintiff's misconduct should have been allowed for impeachment purposes, and in the alternative, that the court's order deprived them of an opportunity to cross examine the plaintiff concerning his physical activities subsequent to the collision.

"[A] witness is subject to impeachment by introducing the record of conviction of a felony, or a crime involving moral turpitude. The fact of indictment, or arrest, or trial, standing alone is not a legal method of impeachment. Green, Ga. Law of Evidence, 346, § 139. It is the conviction which is determinative." *Favors v. State,* 234 Ga. 80, 86 (214 SE2d 645) (1975). It follows that evidence of the plaintiff's alleged criminal misconduct was not admissible for impeachment. Nor was the evidence relevant to show the plaintiff's physical capabilities subsequent to the collision. The plaintiff testified at trial that he had returned to his former employment as a heavy equipment operator in December 1980, months before the alleged criminal conduct took place, and that he was performing the same tasks that he had performed before his injuries. Any cross-examination relating to the criminal charges would have been cumulative to this evidence, and the trial court properly precluded it as an attempt to present inadmissible and prejudicial evidence to the jury.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 21, 1982 —
REHEARING DENIED OCTOBER 7, 1982 — 

Luhr G. C. Beckmann, Jr., R. Kran Riddle, Edward M. Hughes, for appellants.

Albert N. Remler, Devaul L. Henderson, Jr., for appellee.