## 66354. WESTINGHOUSE ELECTRIC CORPORATION v. RIDER.

CARLEY, Judge.

Appellee brought suit, as beneficiary of her deceased husband, to recover under a group occupational travel accident insurance policy provided by appellant Westinghouse to its employees and underwritten by Insurance Company of North America. This case has been considered twice by this court. See *Rider v. Westinghouse Elec. Corp.,* 152 Ga. App. 805 (264 SE2d 276 (1979) and *Rider v. Westinghouse Elec. Corp.,* 155 Ga. App. 61 (270 SE2d 288) (1980). The facts of the case are fully set forth in our previous opinions and will not be repeated here. In *Rider,* 155 Ga. App. 61, supra, we reversed the grant of summary judgment to Westinghouse and held that Mrs. Rider's right of recovery hinged upon whether or not her husband had received a certain explanatory booklet which clarified the coverage and delineated the exclusions of the insurance policy provided by Westinghouse. Thereafter, the case was tried before a jury. A verdict was rendered in favor of appellee in the amount of $25,000, plus interest. Following the denial of its motion for a new trial, Westinghouse filed this appeal.

1. Westinghouse first asserts that the trial court erred in denying its motion for a new trial on the general grounds. At trial, Ms. Sikes, an employee of appellant Westinghouse, testified that she had provided appellee's husband with the explanatory insurance handbook. Ms. Sikes explained that she had distributed the booklets to Westinghouse's two repair shop truck drivers, one of whom was appellee's husband, by placing them in separate boxes assigned to the individual employees and labelled with their respective names. Ms. Sikes testified that she had joked with Rider at the time about his pension, which was explained in the same booklet. Appellant asserts that Ms. Sikes' testimony was positive and unimpeached, and that the jury improperly rejected it in finding that Mr. Rider had not received the handbook.

"Direct and positive testimony, as distinguished from testimony circumstantial, opinionative, or actually negative in character, which [was] given by an unimpeached witness as to the existence of a fact apparently within his own knowledge, which [was] not in itself incredible, impossible, or inherently improbable, and which [was] not contradicted directly or by proof of facts or circumstances that could be taken as incompatible with such testimony, can not be arbitrarily rejected by a jury or other trier of the facts upon the mere surmise that it perhaps might not be in accord with the truth." *Lankford v. Holton,* 187 Ga. 94, 102 (200 SE 243) (1938). "Cir-

cumstantial evidence from which the existence of a fact might be inferred, but which did not demand a finding for the plaintiff to that effect, will not support a verdict, when by positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed." *Myers v. Phillips,* 197 Ga. 536, 542 (29 SE2d 700) (1944).

In the instant case, however, there was evidence from which the jury reasonably could have found that Ms. Sikes' testimony should be discredited. Her account of the distribution of the booklets was contradicted by the testimony of Mr. McRae, who had been the only other truck driver at the repair shop at the time. In his testimony, Mr. McRae stated that he had a habit of saving papers and check stubs from Westinghouse and that he kept all of those papers together. He had examined his documents from Westinghouse and the booklet was not among them. When asked whether he had received a copy of the particular handbook in issue, he replied, ". . . I never did get one of these kinds like this." Other evidence, while perhaps not directly contradictory to the testimony of Ms. Sikes, served to cast doubt upon it. Appellee Mrs. Rider testified that her husband had saved his papers and documents from Westinghouse, and that the booklet was not among them. Furthermore, her husband had never mentioned or shown the handbook to her in their discussions of insurance matters.

"In a case where the direct evidence is not all one way, or where there are proved facts and circumstances which could be taken as inconsistent with the direct positive testimony, the jury may always consider the relationship and the feeling of the witnesses toward the parties, as well as all the facts and circumstances of the case, including the witnesses' manner of testifying, their intelligence and number." *Lankford v. Holton,* supra at 102. In the case at bar, the jury reasonably could have found that Ms. Sikes' testimony was impeached. " 'Questions as to creditability and preponderance address themselves to the trier of facts. [Cits.] On appeal, the appellate tribunal does not determine the credibility of witnesses or the preponderance of the evidence. The appellate tribunal utilizes the "any evidence" test, a test not available to the trier of facts in deciding disputed factual issues.' *Guye v. Home Indemnity Co.,* 241 Ga. 213, 215 (244 SE2d 864) (1978)." *Crawley v. MARTA,* 147 Ga. App. 293, 294 (248 SE2d 555) (1978). See also, *Keno v. Alside, Inc.,* 148 Ga. App. 549 (251 SE2d 793) (1978).

The trial court did not err in denying Westinghouse's motion for a new trial on the general grounds.

2. Appellant enumerates as error the trial court's refusal to give

138

four of its requests to charge. Two of the refused charges pertained to Mr. Rider's exercise of ordinary diligence and his duty to make further inquiry as to the extent of his insurance coverage. Another concerned misrepresentation as to the legal effect of an insurance policy. The fourth charge addressed scienter and the innocence of appellant's alleged misrepresentations.

None of these requested charges concerned matters in issue in this case, and the trial judge did not err in refusing to give them. "A request to charge the jury must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence. [Cits.]" *Keno v. Alside, Inc.,* supra at 553. "When a requested charge deals with a matter not in issue, it is not error to deny the request. [Cit.]" *Palmer v. Wilkins,* 163 Ga. App. 104, 108 (294 SE2d 355) (1982).

At issue here was an employee's right to recover a certain "benefit," which his employer had represented as an entitlement resulting from the employment. In this court's previous opinions in this case, we structured our consideration pursuant to the framework set forth in *Adams v. Hercules, Inc.,* 245 Ga. 464 (265 SE2d 781) (1980) and in *Hercules, Inc. v. Adams,* 150 Ga. App. 223 (257 SE2d 289) (1979). Those cases were decided on the premise that an additional compensation plan offered by an employer which was impliedly accepted by an employee by his remaining in employment constituted a contract between them. The theory of recovery was based on principles of quasi-contract. The employer's scienter, or lack thereof, was not a focal point of inquiry, nor were questions which ultimately pertained to the underlying policy of insurance. Additionally, the *Hercules* cases established that it was a question of law for the court to determine whether an employee was fairly put on notice of the existence of a controlling master insurance policy.

Applying the *Hercules* reasoning to this case, we previously ruled that if Mr. Rider in fact received Westinghouse's explanatory insurance booklet, then he had adequate notice that his benefits were controlled by the master policy, and he could not recover under a quasi-contract theory. Thus, the basic question for jury determination was whether or not the handbook was received. Our ruling established the law of the case which the superior court properly followed in conducting the jury trial. OCGA § 9-11-60(h) (Code Ann. § 81A-160). See also *Reese v. Ideal Realty Co.,* 131 Ga. App. 149 (205 SE2d 432) (1974); *King v. Schaeffer,* 123 Ga. App. 531 (181 SE2d 700) (1971).

3. At trial, appellant objected to the court's instructions to the jury as to the form of the verdict. On appeal, appellant suggests not

only that the judge's instructions in this regard were confusing, but also that the form of the special written interrogatory was itself inappropriate. This latter point will not be considered, since it was not raised below. *DeBoard v. Schulhofer,* 156 Ga. App. 158, 160 (273 SE2d 907) (1980).

As to the instructions on the form of the verdict, the language of the court was rather confusing. However, the special written interrogatory which was sent out to the jury was quite comprehensible. The verdict form, which was self-explanatory, clearly delineated the issues to be determined by the jury and resolved any uncertainty which might possibly have arisen from the verbal instructions. The charge, when taken in conjunction with the special written interrogatory, was sufficiently clear and understandable, and was not misleading. " '[T]he rule is that in consideration of allegedly erroneous charges this court must look to the charge in its entirety. [Cit.] If the charge as a whole is not misleading, there is no error. [Cits.]' *State Highway Dept. v. Davis,* 129 Ga. App. 142, 144 (199 SE2d 275) (1973)." *Anderson v. Copeland,* 162 Ga. App. 611 (292 SE2d 472) (1982).

4. Appellant's remaining enumeration of error has not been supported in the brief by citation of authority or argument and, therefore, is deemed abandoned. *Glennville Hatchery, Inc. v. Thompson,* 164 Ga. App. 819 (10) (298 SE2d 512) (1982).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983 —
REHEARING DENIED SEPTEMBER 23, 1983 — 

*J. Kirk Quillian, Douglas D. Salyers, Mary Grace Diehl,* for appellant.
*Thomas J. Browning,* for appellee.