76910. COGGINS v. THE STATE.
(373 SE2d 269)

McMURRAY, Presiding Judge.

On March 4, 1986, defendant was accused in the State Court of Hall County, Georgia of driving under the influence of alcohol (DUI), operating a vehicle without insurance and operating a vehicle with a revoked driver's license. During the term of court in which he was to be tried on the above charges defendant was incarcerated at the Gwinnett County, Georgia jail, serving time for convictions in unrelated criminal matters. Consequently, the trial court entered an order "requiring that the Sheriff of Hall County or his lawful deputy 'pick up . . . defendant and bring him before [the Hall County State] Court for the disposition of his case as soon as possible.' [However,] due to some administrative problem between the Sheriff of Hall County and the Department of Corrections the Defendant was not brought to court . . . while he was incarcerated."

Defendant "was released from the prison system . . . in April of 1987," and on January 25, 1988, defendant filed a motion entitled, "MOTION TO ACQUIT," arguing that he was denied his right to a "speedy trial" under both state and federal law. The trial court denied this motion and this appeal followed. *Held*:

1. Defendant first contends he was denied his right to a speedy trial under OCGA § 17-7-170.

In order to invoke the provisions of OCGA § 17-7-170, a defendant must make a demand for trial. *Dansby v. State*, 140 Ga. App. 104 (1) (230 SE2d 64). In the case sub judice, it is undisputed that defendant failed to file a demand for trial. Notwithstanding, defendant contends the trial court's order, "requiring that the Sheriff of Hall County or his lawful deputy 'pick up . . . defendant and bring him before [the Hall County State] Court for the disposition of his case as soon as possible,' " was "sufficient to give notice to the Court and the State that the accused was actively requesting a speedy trial or resolution of his outstanding cases." We do not agree.

"It was clearly held in *Williams v. State*, 140 Ga. App. 505 (231 SE2d 366) and *Gay v. State*, 140 Ga. App. 516 (231 SE2d 509) that a demand for jury trial is a demand for trial sufficient to invoke Code § 27-1901 [now OCGA § 17-7-170]." *Wallis v. State*, 154 Ga. App. 764, 765 (270 SE2d 45). In the case sub judice, the trial court's order neither indicated that it was entered pursuant to a demand for trial made by defendant nor was the order sufficient to invoke the extreme sanction of OCGA § 17-7-170. See *Smith v. State*, 166 Ga. App. 352 (1) (304 SE2d 476).

2. Next, we address defendant's assertion that he was denied his Sixth Amendment right to a speedy trial. " 'In speedy trial decisions, the court has emphasized that the denial of speedy trial may work to a defendant's advantage, and therefore there is no per se prejudice to a defendant from delay, nor is there any specific number of days or months within which he must be tried. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972). Factors to be considered are the length of the delay, the reason for the delay, the defendant's assertion of the right, and actual prejudice to the defendant.' Id. *Harris v. Hopper*, 236 Ga. 389, 390 (224 SE2d 1)." *Dansby v. State*, 140 Ga. App. 104 (1), 105, supra. In the case sub judice, the trial court addressed these factors as follows:

"I. Length of Delay[.] The delay in this case is from March 1986 until January of 1988. This is approximately 22 months. Although this is a significant delay, it is certainly not unusual in the State Court due to the number of cases filed and the number appearing on the trial calendar at each term.

"II. Reason for Delay[.] The only reason before the Court at this time for the delay is that the Defendant, obviously through his own

actions, was incarcerated in another county for some 10 or 11 months. There was no other evidence by the Defendant that the delay was occasioned or caused by the State for any advantage to them. Also the State presented no evidence as to why the delay occurred.

"III. Defendant's Assertion of His Right[.] In this case some steps were taken by the Defendant's counsel in June of 1986 to bring the case to trial pursuant to some discussions of a favorable recommendation by the Solicitor's Office to a plea of guilty. [The solicitor who negotiated defendant's plea is no longer the solicitor of the State Court of Hall County.] The Court at that time attempted to bring the Defendant to Hall County from the prison system. Through no fault of the Defendant, he was not brought before this Court. However at that time neither he nor his counsel filed a statutory demand for a speedy trial and no Motion to Acquit was filed by the Defendant or his counsel based on constitutional grounds until this hearing in January of 1988. Also the Court notes that the Defendant was released from the prison system in April of 1987 and neither his counsel nor the Defendant had any discussion with the current Solicitor about hearing the case at that time, putting the case on a calendar or doing anything with respect to the case. Defendant's failure to assert his right to a speedy trial before January of 1988 is a factor to be weighed heavily against the Defendant.

"IV. Prejudice to the Defendant[.] The Court notes that the only prejudice to the Defendant that can be inferred from the hearing was that the Defendant would have had a recommendation from the [former] Solicitor . . . of a plea in June 1986 to concurrent time to serve. There was an inference, although no direct evidence on this point, that this would not be the recommendation of the current Solicitor and there was also no indication that any plea negotiations had been entered into other than what was subject to the Court's approval. There is no assertion by the Defendant that witnesses are now unavailable or that evidence has been destroyed or lost or otherwise not available for use at trial. And the issue of whether or not the State is bound by a prior discussion with the previous Solicitor is not at issue in this matter because the Defendant has presented a Motion to Acquit, not a proceeding to have the former plea negotiation accepted.

"Notwithstanding the fact that there has been a delay of 22 months and that the defense counsel did attempt to have the Defendant brought to Hall County for purposes of entering a guilty plea in June of 1986, the Court finds that because the Defendant and his competent counsel did not assert a right to a speedy trial, especially in the time period from his release from incarceration in April of 1987 until the case was on the trial calendar in January of 1988, and further because the Defendant has not been prejudiced by the failure to bring these cases to trial prior to this time, the Court finds that the

Defendant's Motion to Acquit should be denied." In the case sub judice, we find no evidence in the record to contradict these findings of fact. Consequently, for the reasons enumerated by the trial court, we find no Sixth Amendment violation and conclude that the trial court did not err in denying defendant's motion to acquit. See *Stephens v. State*, 185 Ga. App. 546, 547 (4), 548 (365 SE2d 136).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 20, 1988.

*T. Stanley Sunderland*, for appellant.

*Lydia S. Jackson, Solicitor, Raymond E. George, Assistant Solicitor*, for appellee.